## KRULEWITCH v. PECARSKY.

(Supreme Court, Appellate Term, First Department.    June 26, 1916.)

1. COURTS ⊗═189(4)—MUNICIPAL COURT—SUMMONS—DEFECTS—NUMBER OF DISTRICT.

Under Municipal Court Code (Laws 1915, c. 279) § 19, providing that the "summons must be subscribed and issued by the clerk of the court of the district where the application for * * * summons is made, or by the plaintiff's attorney in his own name," but containing no provision that it shall give the number of the district, and section 20, requiring that the summons shall be "substantially" in a form which contains a space followed by the word "district," a summons which omitted to state the number of the district, but gave the true address of the Municipal Court for the First District, was sufficient to give the court jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ⊗═189(4).]

2. PARTIES ⊗═94(1)—DEFECTS—MISNOMER IN SUMMONS.

Where defendant's name in the summons was spelled "Pecarsky," and he claims it should have been "Pekarsky," the substitution of one letter in the spelling of the word did not constitute a misnomer of the defendant.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 155, 159, 177; Dec. Dig. ⊗═94(1).]

3. APPEARANCE ⊗═10—SPECIAL APPEARANCE—EFFECT.

Where defendant appeared specially and raised objections to the jurisdiction of the lower court, the court's refusal to permit him to plead after his objections were overruled was error.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 53, 54; Dec. Dig. ⊗═10.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Harry Krulewitch against Hyman Pecarsky. From an order refusing defendant leave to plead after raising objections to the jurisdiction, and a judgment for plaintiff, defendant appeals. Judgment reversed, and order modified.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Alexander Ackerson, of New York City, for appellant.

Abraham J. Kheel, of New York City, for respondent.

---

⊗═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

GUY, J. The defendant herein appeared specially in the lower court and raised objections to the jurisdiction of the court, which were overruled, and the defendant was refused leave to plead, and judgment was entered against him. From the judgment and order he appeals, and urges the following grounds for a reversal: (1) That the summons was served by the plaintiff; (2) that the summons failed to state the district in which the action was brought, or in what district it was returnable; (3) that there was a misnomer of the defendant in the summons; (4) that it was error not to permit the defendant to plead after the overruling of his objections.

As to whether or not the summons was served by the plaintiff the court below took testimony, and found in favor of the plaintiff upon that issue, and there is no reason for disturbing his conclusion. The summons, so far as material herein, recites as follows:

"Summons.

"Municipal Court of the City of New York, Borough of Manhattan, ———— District.

"Harry Krulewitch, Plaintiff, against Hyman Pecarsky, Defendant.

"To the Above-Named Defendant:

"You are hereby summoned to appear in this action, in the Municipal Court of the City of New York, Borough of Manhattan, ———— District, before the clerk of the said court at his office at 146 Grand street, in the borough of Manhattan, in the city of New York."

[1] It was signed by the attorney for the plaintiff, with his office and post office address. The defect complained of is the omission to state the district in which the action was brought, and it is urged that such defect in the summons deprived the court below of jurisdiction. We do not agree with this contention; there is but one Municipal Court in the city of New York, although the city is divided into districts for the convenience of litigants and actions in that court must be brought in the proper district or transferred thereto by order. The place of return of the summons was fully stated. Section 19 of the Municipal Court Code, which specifies the requisites of a summons, contains no provision that it shall give the number of the district; the only reference to district therein being that:

The "summons must be subscribed and issued by the clerk of the court of the district where the application for the summons is made, or by the plaintiff's attorney in his own name."

Section 20 of the Municipal Court Code declares that the summons shall be "substantially" in the following form, and the form given contains a space, followed by the word "district"; but a summons which correctly gives the place where and the court before whom the summons is returnable is "substantially" in the form prescribed by the Code, especially when by no possible conception could the plaintiff have been misled. "146 Grand street, in the borough of Manhattan, in the city of New York," is the true address of the Municipal Court for the First District, and the omission of the word "First" was mere irregularity, in no way voiding the summons; the material requisites being contained therein.

[2-3] Equally untenable is the claim of misnomer of the defendant. The defendant's name in the summons was spelled "Pecarsky," and he claims it should have been "Pekarsky." The substitution of one letter in the spelling of the word is of no importance. After the defendant's objections were overruled, he should have been allowed to plead, and the refusal to permit him to do so was error, and the respondent so concedes in his brief.

Judgment reversed, and order modified, by allowing the defendant to file an answer within five days after notice of entry of the order herein, and, as so modified, affirmed, without costs of this appeal to either party. All concur.